1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                * * *

9    RUFINO PATACSIL,                  | Case No. 3:13-cv-00117-MMD-VPC

10                        Petitioner,   |              ORDER

11         v.

12   WARDEN LeGRAND, et al.,

13                        Respondents.

14

15        This habeas matter comes before the Court on a *sua sponte* inquiry into whether

16   the petition is time-barred because it was not filed within the one-year limitation period

17   in 28 U.S.C. § 2244(d)(1).  This order follows up on an earlier show cause order (dkt.

18   no. 7) and petitioner's response (dkt. no. 10) thereto, which he has filed as a motion to

19   show cause.

20   **I.    BACKGROUND**

21        Petitioner Rufino Patacsil challenges his 2005 Nevada state conviction, pursuant

22   to a guilty plea, of sexual assault.

23        The papers presented together with the online records of the state supreme court

24   reflect the following procedural history, which is not contested by petitioner in his show-

25   cause response.

26         The judgment of conviction was filed on or about November 14, 2005.  No direct

27   appeal was filed, and the time period for filing a notice of appeal expired on or about

28   December 14, 2005.

1    According to the January 16, 2013, order of affirmance by the Supreme Court of

2    Nevada in No. 60018, petitioner filed a state post-conviction petition on October 9,

3    2007.   The state district court ultimately denied the petition on the basis that it was

4    untimely, and the state supreme court affirmed on that basis.  The remittitur issued on

5    February 11, 2013.

6    On or about March 7, 2013, petitioner mailed the federal petition for filing.

7    **II.    DISCUSSION**

8    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte*

9    has raised the question of whether the petition is time-barred for failure to file the

10   petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

11   Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless

12   otherwise tolled or subject to delayed accrual, begins running after "the date on which

13   the judgment became final by the conclusion of direct review or the expiration of the

14   time for seeking such direct review."  In the present case, the limitation period therefore

15   began running after the time period expired for filing a direct appeal, *i.e.*, after

16   December 14, 2005.  Absent tolling or delayed accrual, the one-year limitation period

17   expired on December 14, 2006.

18   Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled

19   during the pendency of a properly filed application for state post-conviction relief or for

20   other state collateral review.  However, it does not appear that, absent other tolling or

21   delayed accrual, petitioner's October 2007 state petition would render his federal

22   petition timely, for two reasons.  First, absent other tolling or delayed accrual, the

23   federal limitation period already had expired nearly one year earlier, on December 14,

24   2006.  Second, an untimely state petition is not properly filed for purposes of statutory

25   tolling under § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

26   Accordingly, absent other tolling or delayed accrual, the federal limitation period

27   expired on December 14, 2006. The federal petition in this matter was not mailed for

28   filing until on or about March 7, 2013, six years and nearly three months after the

1   federal limitation period had expired, absent other tolling or delayed accrual. The

2   petition thus is untimely on its face.

3        In the show-cause response, petitioner presents a number of factual and legal

4   arguments discussed further below.   However, at the outset, petitioner did not present

5   competent evidence providing a basis for overcoming the untimeliness of the federal

6   petition.  The show-cause order clearly stated:

7        . . . .  If petitioner responds [to the show-cause order] but fails to show –
         with specific, detailed and competent evidence – that the petition is timely,
8        the action will be dismissed with prejudice.

9        IT IS FURTHER ORDERED that all assertions of fact made by petitioner
         in response to this show-cause order must be detailed, must be specific
10       as to time and place, and must be supported by competent evidence. The
         Court will not consider any assertions of fact that are not specific as to
11       time and place, that are not made pursuant to a declaration under penalty
         of perjury based upon personal knowledge, and/or that are not supported
12       by competent evidence filed by petitioner in the federal record. Petitioner
         thus must attach copies of all materials upon which he bases his argument
13       that the petition should not be dismissed as untimely. Unsupported
         assertions of fact will be disregarded.

14

15  Dkt. no. 7, at 4.  None of the factual assertions in the show-cause response are made

16  pursuant to a declaration under penalty of perjury or otherwise are supported by

17  competent evidence in the federal record.  The lack of competent supporting evidence

18  extends to evidence of the authenticity of the attached exhibits.   Petitioner's

19  unsupported show-cause response therefore does not provide a basis for avoiding the

20  dismissal of the petition as untimely.

21       Petitioner's unsupported factual assertions, even if supported by competent

22  evidence, in any event would not provide a basis for avoiding dismissal of the untimely

23  petition.

24       In this regard, petitioner seeks in his arguments to establish "cause" and

25  "prejudice" in order to avoid a "procedural default."[1]  Petitioner thereby seeks to satisfy a

26

27       [1]Petitioner also makes a conclusory reference to 28 U.S.C. § 2244(d)(1)(B), (C)
    & (D) & (d)(2), but he makes no specific argument regarding the application of any of
28  these statutory provisions.

1    standard that is not applicable when a petitioner seeks to overcome the untimeliness of

2    a federal petition under § 2244(d)(1).

3          The show-cause order stated clearly for petitioner the applicable standard that he

4    instead must satisfy to establish a basis for equitable tolling of the federal limitation

5    period:

6          In this regard, petitioner is informed that the one-year limitation period may
           be equitably tolled.  Equitable tolling is appropriate only if the petitioner
7          can show that: (1) he has been pursuing his rights diligently, and (2) some
           extraordinary circumstance stood in his way and prevented timely filing.
8          *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling is
           "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th
9          Cir.1999), and "the threshold necessary to trigger equitable tolling is very
           high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d
10         1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d
           1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of
11         proof on this "extraordinary exclusion." 292 F.3d at 1065.  He accordingly
           must demonstrate a causal relationship between the extraordinary
12         circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345
           F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*,
13         499 F.3d 1056, 1061 (9th Cir. 2007).

14   Dkt. no. 7, at 3.

15         Petitioner's arguments do not satisfy these requirements for equitable tolling.

16         First, petitioner contends that he can establish "cause" and "prejudice" because

17   defense counsel failed to consult with him regarding a direct appeal as required by *Roe*

18   *v. Flores-Ortega*, 528 U.S. 470 (2000).

19         In *Flores-Ortega*, the Supreme Court held that defense counsel has a

20   constitutionally-imposed duty to consult with the defendant about an appeal when there

21   is reason to think either that (1) a rational defendant would want to appeal (for example,

22   because there were nonfrivolous grounds for appeal), or (2) the particular defendant

23   had reasonably demonstrated to counsel that he was interested in appealing.  528 U.S.

24   at 480.

25         Petitioner asserts that, after the November 14, 2005, judgment of conviction, he

26   wrote to counsel in a November 27, 2005, letter.  The alleged letter attached with the

27   show-cause response stated, *inter alia*: "I am trying to find out what grounds you will be

28   setting forth on my direct appeal and about how long it will take to get into court."  The

4

1   alleged letter further stated that petitioner "was curious as to whether or not one of you

2   could come here to possibly discuss my appeal issues, strategy and so forth," and that

3   petitioner "look[ed] forward to hearing back from you at your earliest convenience."

4   Petitioner does not assert that he received any response to the alleged November 27,

5   2005, letter reflecting that counsel was pursuing a direct appeal on his behalf.   The

6   absence of such a response notwithstanding, petitioner asserts that he did not learn that

7   a direct appeal had not been filed until he received a June 4, 2007, letter from the state

8   district court clerk stating that "we have not received anything for your case since

9   November of 2005."[2]

10        These alleged circumstances do not present a viable basis for equitable tolling

11   under the applicable standards stated in the show-cause order.  *Arguendo*

12   demonstrating that defense counsel failed to pursue a direct appeal as required by

13   *Flores-Ortega* does not establish that an extraordinary circumstance thereafter stood in

14   the way of and prevented petitioner *from filing a federal petition*.  *See, e.g., Randle v.*

15   *Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (counsel's failure to file a direct

16   appeal did not prevent the petitioner from filing a federal petition and simply meant that

17   the petitioner had a year from the expiration of the time for filing a direct appeal to do

18   so).  A petitioner potentially might be able to establish a basis for equitable tolling during

19   a period in which he had an objectively reasonable belief that counsel in fact was

20   pursuing a direct appeal, if this circumstance caused an untimely filing.  However, even

21   if the Court were to assume *arguendo* that the facts asserted supported an *objectively*

22   *reasonable* belief that counsel was pursuing a direct appeal,[3] petitioner concedes that

23

24        [2]*See* dkt. no. 10, at electronic docketing pages 1-2 & 5-6.  The clerk's letter
     further stated that Patacsil's letter to the clerk had stated that he "filed an appeal in
25   October of 2006."  Petitioner apparently did not pursue such a factual assertion
     thereafter.

26        [3]In truth, a petitioner would not have an objectively reasonable belief that counsel
     in fact was pursuing a direct appeal after he received no response from counsel to his
27   letter inquiring about issues to be raised on an appeal.  Petitioner makes no factual
     assertions that would tend to establish that counsel ever gave him a basis for believing
28   that counsel was pursuing a direct appeal.

1   he learned by the time of the state court clerk's June 4, 2007, letter that no appeal had

2   been filed.  The federal petition was not filed until nearly six years later, in March 2013.

3           Second, petitioner contends that the state supreme court's holding that his state

4   petition was untimely and that he had not established good cause for the delay was

5   "contrary to or an unreasonable application of clearly established federal law as

6   reflected in *Flores-Ortega*."

7           Here again, petitioner is invoking an inapposite legal standard.  The Court does

8   not review the state supreme court's cause-and-prejudice analysis under the standard

9   for review of claims on the merits in 28 U.S.C. § 2254(d)(1).  Rather, the application of

10  the state procedural bar and any exceptions thereto presents a question of Nevada

11  state law; and the Supreme Court of Nevada is the final arbiter of Nevada state law.  It

12  is established law, with particular respect to statutory tolling under 28 U.S.C. §

13  2244(d)(2), that the state high court's determination that the state petition is untimely

14  under state law "is the end of the matter."  *See, e.g., Allen v. Siebert*, 552 U.S. 3, 7

15  (2007); *Evans v. Chavis*, 546 U.S. 189, 194 (2006); *Pace*, 544 U.S. at 413-14; *Lakey v.*

16  *Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

17          It thus has been clearly long established that the state high court's holding as to

18  the timeliness of the state petition under state law is the final word on that subject.  It

19  further has been clearly established since the Supreme Court's *Pace* decision in April

20  2005 – *i.e.*,  well before the pertinent circumstances in this case – that a petitioner who

21  has filed a state petition that is subject to being procedurally barred as untimely must

22  diligently seek federal habeas relief without waiting for the outcome of the state

23  proceedings.  *See* 544 U.S. at 416-17.  Petitioner's argument that he is entitled to

24  tolling, whether statutory or equitable, because the Supreme Court of Nevada allegedly

25  erred in rejecting his cause-and-prejudice argument therefore is unpersuasive.  *Accord*

26  *Sanchez v. Yates*, No. 08-17706, 2013 WL 29874, at *2 (9th Cir. Jan. 2, 2013) (applying

27  the *Pace* holding in rejecting a petitioner's argument that he was entitled to equitable

28  ///

tolling because he allegedly was surprised by the state supreme court's holding as to the untimeliness of the state petition).[4]

Moreover, even if purported surprise as to a state court untimeliness holding otherwise ever could constitute a basis for equitable tolling, the present case clearly is not one where the state supreme court "pulled the rug out from under" the petitioner on the issue at the last moment.  Petitioner points to the fact that the state district court

---

[4]The state supreme court's holding in any event was neither contrary to nor an unreasonable application of either federal or state law.  The court held in pertinent part:

> On appeal, Patascil argues that the district court erred in denying his petition on the grounds that it was untimely because his mistaken belief that an appeal had been filed on his behalf constituted good cause for the delay.  We disagree.  Evidence adduced at the evidentiary hearing demonstrated that Patascil's belief that counsel had filed an appeal was based entirely upon a letter that he sent to counsel on November 27, 2005, in which he inquired as to which grounds would be raised in an appeal. Patascil was never contacted by counsel to discuss an appeal nor was the letter responded to in any way.  Patascil made no other attempts to contact counsel and did not inquire further into the matter until shortly before June 4, 2007, when he learned that an appeal had never been filed.  Based on the evidence presented at the evidentiary hearing, Patascil did not have a reasonable belief that counsel had filed an appeal and therefore he did not establish good cause for the delay in filing his post-conviction petition. Hathaway v. State, 119 Nev. 248, 255, 71 P.3d 503, 508 (2003) (providing that a petitioner can establish good cause for the delay if the petitioner establishes that the petitioner reasonably believed that counsel had filed an appeal and that the petitioner filed a habeas corpus petition within a reasonable time after learning that a direct appeal had not been filed). Accordingly, we conclude that the district court did not err in dismissing the petition on the grounds that it was untimely.

Order of Affirmance, No. 60018, slip op. at 2-3 (Nev. Jan. 16, 2013)(copy filed with dkt. no. 1, at electronic docketing pages 25-26).

As discussed in note 3, *supra*, a convicted defendant would not have an objectively reasonable belief that counsel in fact was pursuing a direct appeal after he received no response from counsel to an alleged letter inquiring about issues to be raised on an appeal.  Nothing in *Flores-Ortega* is to the contrary.  Moreover, the factual findings of the state courts, particularly when reached following an evidentiary hearing, are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1) that petitioner has not rebutted by clear and convincing evidence presented in response to the show-cause order.  This Court thus would not necessarily be inclined to rule contrary to the holding made by the state courts as to the untimeliness of the state petition even if that issue otherwise properly were before the Court in this procedural context.  The Court emphasizes, again, that in this context it is not applying the federal procedural default doctrine, where it conceivably might conduct an independent *de novo* review of cause and prejudice.

1   initially granted him leave to file a late state petition and ruled on the merits of his

2   petition.  However, as the copy of the state supreme order that petitioner filed in the

3   federal record reflects, the state high court reversed the state district court's decision

4   and remanded for an evidentiary hearing as to whether petitioner could establish good

5   cause for the failure to file a timely petition.[5]  The state supreme court order remanding

6   for an evidentiary hearing was filed on November 6, 2008,[6] more than *four years* before

7   the federal petition was filed.  Even if the Court were to find a viable basis for equitable

8   tolling up to this point in time, which it does not, petitioner clearly could no longer ignore

9   the possibility that his state petition ultimately might be held to be untimely after the

10  November 6, 2008, remand.

11          Third, petitioner relies upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). His

12  argument appears to conflate the alleged negligence of his defense counsel in failing to

13  pursue a direct appeal with a denial of his ability to present claims of ineffective

14  assistance of counsel in the initial-review collateral proceedings, as demonstrating

15  cause and prejudice.

16          *Martinez* has no application to the issue before the Court.  The issue here again

17  concerns application of the one-year federal limitation period vis-à-vis the filing of a

18  federal petition, not application of the procedural default doctrine vis-à-vis state

19  procedural bars applied in the state courts.  Defense counsel's failure to file a direct

20  appeal did not in and of itself stand in the way of and prevent petitioner from filing a

21  timely federal petition.  *Randle, supra*.  Nor did any circumstance regarding the state

22  post-conviction proceedings stand in the way of and prevent petitioner from filing a

23  ───────────────
            [5]Order of Affirmance, No. 60018, slip op. at 1-2 (Nev. Jan. 16, 2013) (copy filed
24  with dkt. no. 1, at electronic docketing pages 24-25).

            [6]See Order of Affirmance, No. 51444 (Nev. Nov. 06, 2008), which can be found
25  at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.
            Further, the state district court, on remand, held that the petition was untimely in
26  December 2011, also more than one year prior to the filing of the federal petition.  *See*
    April 11, 2012, Appellant's Opening Brief, at 1, in No. 60018, which can be found at the
27  above-cited link. (Petitioner attaches a portion of the Pershing County state district court
    decision with the show-cause response.  *See* dkt. no. 10, at electronic docketing page
28  7.)

1  timely federal petition.  *Martinez* holds that the absence of counsel in the initial-review

2  state collateral proceedings – *i.e.,* here the state post-conviction proceedings in the

3  state district court – may constitute cause for the failure to raise claims of ineffective

4  assistance in those proceedings as against a claim of procedural default based upon

5  the application of state procedural bars.  132 S.Ct. at 1318-19.  *Martinez* otherwise does

6  not limit application of the established rule that a petitioner does not have a right to

7  counsel on state or federal post-conviction review with respect to proceedings other

8  than initial-review state collateral proceedings.  *See id.*, at 1319.  A failure of defense

9  counsel to file a direct appeal and/or *arguendo* lack of representation[7] in the state post-

10  conviction proceedings, on the facts asserted, did not stand in the way of petitioner filing

11  a timely federal petition.  Under established law, petitioner's *pro se* status vis-à-vis a

12  possible federal filing does not provide a basis for equitable tolling of the federal

13  limitation period.  *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

14        Petitioner accordingly has not presented a viable basis for equitable tolling that

15  would render the federal petition timely, and he has not presented facts that would

16  warrant an evidentiary hearing in this regard.  *See, e.g., Roberts v. Marshall*, 627 F.3d

17  768, 773 (9th Cir. 2010).  Petitioner otherwise does not make a claim of actual

18  innocence of the offense to which he pled guilty.  The petition therefore will be

19  dismissed with prejudice as untimely.

20  **III.    CONCLUSION**

21        IT IS THEREFORE ORDERED that the petition shall be DISMISSED with

22  prejudice as time-barred.

23        IT FURTHER IS ORDERED that petitioner's motion (dkt. no. 9) for appointment

24  of counsel and his motion (dkt. no. 10) to show cause, presented as a motion as

25  opposed to a response, are DENIED.

26

27        [7]The state court record reflects that counsel was appointed for petitioner prior to
the evidentiary hearing on timeliness.  See January 20, 2012, Docketing Statement, at
28  3, in No. 60018, found at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1        IT IS FURTHER ORDERED that a certificate of appealability is DENIED.  Jurists

2   of reason would not find debatable or wrong the district court's dismissal of the petition

3   as untimely, for the reasons discussed herein.  At the outset, petitioner did not present

4   any competent evidence in response to the show-cause order, after the order expressly

5   informed him that unsupported factual assertions would be disregarded. The

6   unsupported facts asserted in any event would not present a viable basis for tolling.

7   First, petitioner relies upon the failure of defense counsel to file a direct appeal.

8   However, even if petitioner could establish that he had an objectively reasonable belief

9   that counsel was pursuing an appeal, which he in truth cannot, he indisputably learned

10  that no appeal had been filed nearly six years before the federal petition was filed.

11  Second, petitioner contends that the state courts erred in holding that his state petition

12  was untimely.  That issue may not be reviewed herein; and, after *Pace*, a petitioner

13  does not act reasonably in awaiting the outcome of proceedings on a facially untimely

14  state petition before seeking federal habeas relief.  Further, a remand order placed

15  petitioner on notice that the state petition might be dismissed as untimely over four

16  years before he sought federal relief.  Finally, petitioner relies upon *Martinez v. Ryan*,

17  132 S.Ct. 1309 (2012), which is inapposite in this context.  *See* text, *supra*, at 8-9.

18        IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing

19  Section 2254 Cases, the Clerk shall provide a copy of this order, the judgment, and the

20  petition to respondents by effecting informal electronic service upon Catherine Cortez

21  Masto as per the Clerk's current practice.  No response is required from respondents,

22  other than to respond to any orders of a reviewing court.

23        The Clerk of Court shall enter final judgment accordingly, in favor of respondents

24  and against petitioner, dismissing this action with prejudice.

25        DATED THIS 13th day of May 2013.

26

27  _____
    MIRANDA M. DU
28  UNITED STATES DISTRICT JUDGE