UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUFINO PATACSIL, | Case No. 3:13-cv-00117-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| WARDEN LeGRAND, et al., | |
| Respondents. | |

This habeas matter comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows up on an earlier show cause order (dkt. no. 7) and petitioner's response (dkt. no. 10) thereto, which he has filed as a motion to show cause.

**I.    BACKGROUND**

Petitioner Rufino Patacsil challenges his 2005 Nevada state conviction, pursuant to a guilty plea, of sexual assault.

The papers presented together with the online records of the state supreme court reflect the following procedural history, which is not contested by petitioner in his show-cause response.

The judgment of conviction was filed on or about November 14, 2005. No direct appeal was filed, and the time period for filing a notice of appeal expired on or about December 14, 2005.

According to the January 16, 2013, order of affirmance by the Supreme Court of Nevada in No. 60018, petitioner filed a state post-conviction petition on October 9, 2007. The state district court ultimately denied the petition on the basis that it was untimely, and the state supreme court affirmed on that basis. The remittitur issued on February 11, 2013.

On or about March 7, 2013, petitioner mailed the federal petition for filing.

## II.   DISCUSSION

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period therefore began running after the time period expired for filing a direct appeal, *i.e.*, after December 14, 2005. Absent tolling or delayed accrual, the one-year limitation period expired on December 14, 2006.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, it does not appear that, absent other tolling or delayed accrual, petitioner's October 2007 state petition would render his federal petition timely, for two reasons. First, absent other tolling or delayed accrual, the federal limitation period already had expired nearly one year earlier, on December 14, 2006. Second, an untimely state petition is not properly filed for purposes of statutory tolling under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on December 14, 2006. The federal petition in this matter was not mailed for filing until on or about March 7, 2013, six years and nearly three months after the

2

federal limitation period had expired, absent other tolling or delayed accrual. The petition thus is untimely on its face.

In the show-cause response, petitioner presents a number of factual and legal arguments discussed further below.  However, at the outset, petitioner did not present competent evidence providing a basis for overcoming the untimeliness of the federal petition.  The show-cause order clearly stated:

> . . . .  If petitioner responds [to the show-cause order] but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.
>
> IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

Dkt. no. 7, at 4.  None of the factual assertions in the show-cause response are made pursuant to a declaration under penalty of perjury or otherwise are supported by competent evidence in the federal record.  The lack of competent supporting evidence extends to evidence of the authenticity of the attached exhibits.  Petitioner's unsupported show-cause response therefore does not provide a basis for avoiding the dismissal of the petition as untimely.

Petitioner's unsupported factual assertions, even if supported by competent evidence, in any event would not provide a basis for avoiding dismissal of the untimely petition.

In this regard, petitioner seeks in his arguments to establish "cause" and "prejudice" in order to avoid a "procedural default."[1]  Petitioner thereby seeks to satisfy a

---

[1] Petitioner also makes a conclusory reference to 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2), but he makes no specific argument regarding the application of any of these statutory provisions.

3

standard that is not applicable when a petitioner seeks to overcome the untimeliness of a federal petition under § 2244(d)(1).

The show-cause order stated clearly for petitioner the applicable standard that he instead must satisfy to establish a basis for equitable tolling of the federal limitation period:

> In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Dkt. no. 7, at 3.

Petitioner's arguments do not satisfy these requirements for equitable tolling.

First, petitioner contends that he can establish "cause" and "prejudice" because defense counsel failed to consult with him regarding a direct appeal as required by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

In *Flores-Ortega*, the Supreme Court held that defense counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either that (1) a rational defendant would want to appeal (for example, because there were nonfrivolous grounds for appeal), or (2) the particular defendant had reasonably demonstrated to counsel that he was interested in appealing. 528 U.S. at 480.

Petitioner asserts that, after the November 14, 2005, judgment of conviction, he wrote to counsel in a November 27, 2005, letter. The alleged letter attached with the show-cause response stated, *inter alia*: "I am trying to find out what grounds you will be setting forth on my direct appeal and about how long it will take to get into court." The

4

alleged letter further stated that petitioner "was curious as to whether or not one of you could come here to possibly discuss my appeal issues, strategy and so forth," and that petitioner "look[ed] forward to hearing back from you at your earliest convenience." Petitioner does not assert that he received any response to the alleged November 27, 2005, letter reflecting that counsel was pursuing a direct appeal on his behalf. The absence of such a response notwithstanding, petitioner asserts that he did not learn that a direct appeal had not been filed until he received a June 4, 2007, letter from the state district court clerk stating that "we have not received anything for your case since November of 2005."[2]

These alleged circumstances do not present a viable basis for equitable tolling under the applicable standards stated in the show-cause order. *Arguendo* demonstrating that defense counsel failed to pursue a direct appeal as required by *Flores-Ortega* does not establish that an extraordinary circumstance thereafter stood in the way of and prevented petitioner *from filing a federal petition*. *See, e.g., Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (counsel's failure to file a direct appeal did not prevent the petitioner from filing a federal petition and simply meant that the petitioner had a year from the expiration of the time for filing a direct appeal to do so). A petitioner potentially might be able to establish a basis for equitable tolling during a period in which he had an objectively reasonable belief that counsel in fact was pursuing a direct appeal, if this circumstance caused an untimely filing. However, even if the Court were to assume *arguendo* that the facts asserted supported an *objectively reasonable* belief that counsel was pursuing a direct appeal,[3] petitioner concedes that

---

[2] *See* dkt. no. 10, at electronic docketing pages 1-2 & 5-6. The clerk's letter further stated that Patacsil's letter to the clerk had stated that he "filed an appeal in October of 2006." Petitioner apparently did not pursue such a factual assertion thereafter.

[3] In truth, a petitioner would not have an objectively reasonable belief that counsel in fact was pursuing a direct appeal after he received no response from counsel to his letter inquiring about issues to be raised on an appeal. Petitioner makes no factual assertions that would tend to establish that counsel ever gave him a basis for believing that counsel was pursuing a direct appeal.

he learned by the time of the state court clerk's June 4, 2007, letter that no appeal had been filed. The federal petition was not filed until nearly six years later, in March 2013.

Second, petitioner contends that the state supreme court's holding that his state petition was untimely and that he had not established good cause for the delay was "contrary to or an unreasonable application of clearly established federal law as reflected in *Flores-Ortega*."

Here again, petitioner is invoking an inapposite legal standard. The Court does not review the state supreme court's cause-and-prejudice analysis under the standard for review of claims on the merits in 28 U.S.C. § 2254(d)(1). Rather, the application of the state procedural bar and any exceptions thereto presents a question of Nevada state law; and the Supreme Court of Nevada is the final arbiter of Nevada state law. It is established law, with particular respect to statutory tolling under 28 U.S.C. § 2244(d)(2), that the state high court's determination that the state petition is untimely under state law "is the end of the matter." *See, e.g., Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Evans v. Chavis*, 546 U.S. 189, 194 (2006); *Pace*, 544 U.S. at 413-14; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

It thus has been clearly long established that the state high court's holding as to the timeliness of the state petition under state law is the final word on that subject. It further has been clearly established since the Supreme Court's *Pace* decision in April 2005 – *i.e.*, well before the pertinent circumstances in this case – that a petitioner who has filed a state petition that is subject to being procedurally barred as untimely must diligently seek federal habeas relief without waiting for the outcome of the state proceedings. *See* 544 U.S. at 416-17. Petitioner's argument that he is entitled to tolling, whether statutory or equitable, because the Supreme Court of Nevada allegedly erred in rejecting his cause-and-prejudice argument therefore is unpersuasive. *Accord Sanchez v. Yates*, No. 08-17706, 2013 WL 29874, at *2 (9th Cir. Jan. 2, 2013) (applying the *Pace* holding in rejecting a petitioner's argument that he was entitled to equitable

///

tolling because he allegedly was surprised by the state supreme court's holding as to the untimeliness of the state petition).[4]

Moreover, even if purported surprise as to a state court untimeliness holding otherwise ever could constitute a basis for equitable tolling, the present case clearly is not one where the state supreme court "pulled the rug out from under" the petitioner on the issue at the last moment. Petitioner points to the fact that the state district court

---

[4]The state supreme court's holding in any event was neither contrary to nor an unreasonable application of either federal or state law. The court held in pertinent part:

> On appeal, Patascil argues that the district court erred in denying his petition on the grounds that it was untimely because his mistaken belief that an appeal had been filed on his behalf constituted good cause for the delay. We disagree. Evidence adduced at the evidentiary hearing demonstrated that Patascil's belief that counsel had filed an appeal was based entirely upon a letter that he sent to counsel on November 27, 2005, in which he inquired as to which grounds would be raised in an appeal. Patascil was never contacted by counsel to discuss an appeal nor was the letter responded to in any way. Patascil made no other attempts to contact counsel and did not inquire further into the matter until shortly before June 4, 2007, when he learned that an appeal had never been filed. Based on the evidence presented at the evidentiary hearing, Patascil did not have a reasonable belief that counsel had filed an appeal and therefore he did not establish good cause for the delay in filing his post-conviction petition. Hathaway v. State, 119 Nev. 248, 255, 71 P.3d 503, 508 (2003) (providing that a petitioner can establish good cause for the delay if the petitioner establishes that the petitioner reasonably believed that counsel had filed an appeal and that the petitioner filed a habeas corpus petition within a reasonable time after learning that a direct appeal had not been filed). Accordingly, we conclude that the district court did not err in dismissing the petition on the grounds that it was untimely.

Order of Affirmance, No. 60018, slip op. at 2-3 (Nev. Jan. 16, 2013)(copy filed with dkt. no. 1, at electronic docketing pages 25-26).

As discussed in note 3, *supra*, a convicted defendant would not have an objectively reasonable belief that counsel in fact was pursuing a direct appeal after he received no response from counsel to an alleged letter inquiring about issues to be raised on an appeal. Nothing in *Flores-Ortega* is to the contrary. Moreover, the factual findings of the state courts, particularly when reached following an evidentiary hearing, are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1) that petitioner has not rebutted by clear and convincing evidence presented in response to the show-cause order. This Court thus would not necessarily be inclined to rule contrary to the holding made by the state courts as to the untimeliness of the state petition even if that issue otherwise properly were before the Court in this procedural context. The Court emphasizes, again, that in this context it is not applying the federal procedural default doctrine, where it conceivably might conduct an independent *de novo* review of cause and prejudice.

7

initially granted him leave to file a late state petition and ruled on the merits of his petition. However, as the copy of the state supreme order that petitioner filed in the federal record reflects, the state high court reversed the state district court's decision and remanded for an evidentiary hearing as to whether petitioner could establish good cause for the failure to file a timely petition.[5] The state supreme court order remanding for an evidentiary hearing was filed on November 6, 2008,[6] more than *four years* before the federal petition was filed. Even if the Court were to find a viable basis for equitable tolling up to this point in time, which it does not, petitioner clearly could no longer ignore the possibility that his state petition ultimately might be held to be untimely after the November 6, 2008, remand.

Third, petitioner relies upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). His argument appears to conflate the alleged negligence of his defense counsel in failing to pursue a direct appeal with a denial of his ability to present claims of ineffective assistance of counsel in the initial-review collateral proceedings, as demonstrating cause and prejudice.

*Martinez* has no application to the issue before the Court. The issue here again concerns application of the one-year federal limitation period vis-à-vis the filing of a federal petition, not application of the procedural default doctrine vis-à-vis state procedural bars applied in the state courts. Defense counsel's failure to file a direct appeal did not in and of itself stand in the way of and prevent petitioner from filing a timely federal petition. *Randle, supra*. Nor did any circumstance regarding the state post-conviction proceedings stand in the way of and prevent petitioner from filing a

---

[5]Order of Affirmance, No. 60018, slip op. at 1-2 (Nev. Jan. 16, 2013) (copy filed with dkt. no. 1, at electronic docketing pages 24-25).

[6]See Order of Affirmance, No. 51444 (Nev. Nov. 06, 2008), which can be found at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.
Further, the state district court, on remand, held that the petition was untimely in December 2011, also more than one year prior to the filing of the federal petition. *See* April 11, 2012, Appellant's Opening Brief, at 1, in No. 60018, which can be found at the above-cited link. (Petitioner attaches a portion of the Pershing County state district court decision with the show-cause response. *See* dkt. no. 10, at electronic docketing page 7.)

timely federal petition. *Martinez* holds that the absence of counsel in the initial-review state collateral proceedings – *i.e.,* here the state post-conviction proceedings in the state district court – may constitute cause for the failure to raise claims of ineffective assistance in those proceedings as against a claim of procedural default based upon the application of state procedural bars. 132 S.Ct. at 1318-19. *Martinez* otherwise does not limit application of the established rule that a petitioner does not have a right to counsel on state or federal post-conviction review with respect to proceedings other than initial-review state collateral proceedings. *See id.*, at 1319. A failure of defense counsel to file a direct appeal and/or *arguendo* lack of representation[7] in the state post-conviction proceedings, on the facts asserted, did not stand in the way of petitioner filing a timely federal petition. Under established law, petitioner's *pro se* status vis-à-vis a possible federal filing does not provide a basis for equitable tolling of the federal limitation period. *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner accordingly has not presented a viable basis for equitable tolling that would render the federal petition timely, and he has not presented facts that would warrant an evidentiary hearing in this regard. *See, e.g., Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Petitioner otherwise does not make a claim of actual innocence of the offense to which he pled guilty. The petition therefore will be dismissed with prejudice as untimely.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that petitioner's motion (dkt. no. 9) for appointment of counsel and his motion (dkt. no. 10) to show cause, presented as a motion as opposed to a response, are DENIED.

---

[7]The state court record reflects that counsel was appointed for petitioner prior to the evidentiary hearing on timeliness. See January 20, 2012, Docketing Statement, at 3, in No. 60018, found at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1    IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find debatable or wrong the district court's dismissal of the petition as untimely, for the reasons discussed herein. At the outset, petitioner did not present any competent evidence in response to the show-cause order, after the order expressly informed him that unsupported factual assertions would be disregarded. The unsupported facts asserted in any event would not present a viable basis for tolling. First, petitioner relies upon the failure of defense counsel to file a direct appeal. However, even if petitioner could establish that he had an objectively reasonable belief that counsel was pursuing an appeal, which he in truth cannot, he indisputably learned that no appeal had been filed nearly six years before the federal petition was filed. Second, petitioner contends that the state courts erred in holding that his state petition was untimely. That issue may not be reviewed herein; and, after *Pace*, a petitioner does not act reasonably in awaiting the outcome of proceedings on a facially untimely state petition before seeking federal habeas relief. Further, a remand order placed petitioner on notice that the state petition might be dismissed as untimely over four years before he sought federal relief. Finally, petitioner relies upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which is inapposite in this context. *See* text, *supra*, at 8-9.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall provide a copy of this order, the judgment, and the petition to respondents by effecting informal electronic service upon Catherine Cortez Masto as per the Clerk's current practice. No response is required from respondents, other than to respond to any orders of a reviewing court.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED THIS 13th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE